WAMPUM OIL CORPORATION, a Delaware Corporation,

*vs.*

LAGO PETROLEUM CORPORATION, a Delaware Corporation, AND VENEZUELA SYNDICATE, INC., a Delaware Corporation.

*New Castle, Jan. 3, 1933.*

*John Biggs, Jr.,* for complainant.

*Christopher L. Ward, Jr.,* of the firm of Marvel, Morford, Ward & Logan, for defendant Lago Petroleum Corporation.

THE CHANCELLOR: The accounting sought by the bill

has two aspects. These are, first with respect to Lago's indebtedness for oil already drawn from the Wampum wells and purchased by Lago, and second, with respect to oil which Wampum claims Lago should have drawn off from the Wampum wells but which in violation of its contract it is charged with having fraudulently made it impossible to draw off, at the same time taking the oil out of the common pool through its own wells.

Lago's plea presents the contention that because Wampum never paid the drilling and operating charges for which monthly statements were rendered, therefore Lago is not under any duty whatever to account for anything. This contention, whatever may be its merits with respect to the second phase of the accounting above referred to, certainly cannot be a valid one with respect to the first one. The pleadings warrant the view that notwithstanding Wampum's failure to pay the monthly bills as rendered, Lago nevertheless continued to recognize the contract as an existing one. It did not declare it to be terminated by Wampum's breach of the payment requirements. It continued to retain the property, proceeded with drilling the four additional wells, operated the wells and took therefrom considerable quantities of oil which was Wampum's under the contract and for which Lago was to pay. It appears to me to be the plainest proposition of justice that if Lago thus operated Wampum's property and took valuable products therefrom for which it was to compensate Wampum, it cannot claim the right of confiscating the products as a penalty for Wampum's default in paying the drilling and operating charges at the stipulated times. Such failure no doubt would have justified Lago in terminating the contract because of Wampum's breach of its terms. But Lago did not terminate the contract. It chose to continue with it. Having done so, it is liable for all the oil it actually received. That much seems very clear. The plea, therefore, in so far as it seeks to acquit Lago of any duty to account with respect to anything whatever is a bad one.

Of course Lago is entitled to be credited against the amount it owes for oil the amount of the charges due to it from Wampum for drilling and operation. It is this matter of credits to Lago that for the moment occasions a sharp issue of fact between the parties. The accounting sought by the bill is designed to reduce it to an adjudged certainty. Wampum claims by its bill that such an accounting will reveal it to be entitled to a balance of about fifty thousand dollars. Lago on the other hand claims by its plea that a proper accounting will show a balance in its favor of ninety-seven thousand dollars. The bill shows in detail the items of account; and the plea answers each item with a detail of averments equally specific.

The foregoing shows the character of the fact issues which the plea raises, and it appears therefrom that the plea, as to the matters it covers, is as broad as would be an answer. The plea is a negative one. It amounts to no more than an amplification of the simple statement that the defendant should not be called upon to account because, on such accounting, it could show that Wampum's allegations concerning the details entering into the account are false and that, if the facts be shown as averred by Lago, Wampum would be revealed as its debtor.

I am of the opinion that the office of a plea in equity cannot be used so as to bring the cause forward in such a way as that. Judge Story in his work on *Equity Pleading,* (*6th Ed.*) § 652, states the rule as follows:

"But every defense, which may be a full answer to the merits of the Bill is not, as of course, to be considered as entitled to be brought forward by way of plea * * * where the defense consists of a variety of circumstances, there is no use in a plea; the examination must still be at large; and the effect of allowing such a plea will be, that the court will give their judgment upon the circumstances of the case, before they are made out by proof."

The fact issues presented by this plea, if they are tenderable by pleadings at all, are the proper subject for an-

swer. It is to be doubted, however, whether they should be set up with the detail found in the plea, even in an an-. swer. For, the bill being one for an accounting, under the normal practice in this State, the appropriate stage of the case for their examination is on the accounting after an interlocutory decree is entered establishing the right of the complainant to have an accounting.

Having stated as I did at a former point in this opinion that nothing is averred which would relieve the defendant from the duty to account so far at least as the first phase of the accounting is concerned, and being of the opinion that the defendant cannot by plea, and probably also not even by answer, call upon the court to go into the facts of the account with the view of determining what would be due and to whom, before a duty to account is decreed, I conclude that the plea is a bad one.

The defendant may be heard concerning the nature of the order to be entered with respect to the plea.

The complainant has moved for a decree *pro confesso* with respect to those matters in the bill which at the outset I described as the second phase of the accounting. This motion should be denied. The plea was to the whole bill.